# IN THE UNTED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| 7B SNELLVILLE LLC,        ) | |
| )   | |
| Plaintiff,        ) | |
| )   | |
| v.        ) | Civil Action |
| )   | File No. |
| ERCANBRACK FRUIT RANCH,   ) | |
| LLC,        ) | |
| )   | |
| Defendant.        ) | |

## VERIFIED COMPLAINT FOR DAMAGES

**COMES NOW**, Plaintiff 7B Snellville LLC ("Plaintiff" or "7B"), by and through its undersigned counsel, and files this Verified Complaint for Damages against Defendant Ercanbrack Fruit Ranch, LLC ("Defendant" or "Ercanbrack"), respectfully showing this Court as follows:

## PARTIES

1. Plaintiff is a limited liability company organized and existing under the laws of the State of Georgia with its principal place of business located at 2513 Pheasant Drive, Albany, Georgia 31707.

2. Ercanbrack is a limited liability company organized and existing under the laws of the State of Utah with its principal place of business located at 2336 N Lake Road, Santaquin, Utah 84655. Ercanbrack may be served with process by

1

serving its registered agent, Randall Ercanbrack, at 2336 N Lake Road, Santaquin, Utah 84655. Alternatively, and upon information and belief, Ercanbrack may be served with process by serving its managing member, Randall Ercanbrack, at 2070 South Main Street, Orem, Utah 84058.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this dispute, pursuant to 28 U.S.C. § 1332, because complete diversity exists between the parties and the amount in controversy exceeds $75,000.00.

4. This Court has personal jurisdiction over Ercanbrack pursuant to the Georgia Long-Arm Statute, O.C.G.A. § 9-10-91, because the claims asserted in this Complaint arise out Ercanbrack's negotiation and transaction of business within the State of Georgia.

5. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## FACTUAL BACKGROUND

6. On or about January 28, 2025, Plaintiff, as Seller, and Ercanbrack, as Purchaser, executed a Purchase and Sale Agreement (the "Agreement") for the sale of certain real property located at 3253 Stone Mountain Highway, Snellville, Gwinnett County, Georgia (the "Property") for a total purchase price of

$2,807,042.00. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference.

7. Pursuant to Section 4 of the Agreement, Ercanbrack agreed to deposit $75,000.00 in Earnest Money with the Escrow Agent within two (2) business days after full execution of the Agreement.

8. In addition, the Agreement further provides that, upon expiration of the Agreement's "Inspection Period"—which is defined as the period of time up to and including seven (7) days from the date of the Agreement (*see* Ex. A at § 1)—"the Earnest Money ***shall become nonrefundable***." (*See id.* at § 6.1 [emphasis added].)

9. On January 28, 2025, Plaintiff's broker, David Kern, circulated a fully executed copy of the Agreement via email to all relevant parties, including Plaintiff, Ercanbrack, and the Escrow Agent. A true and correct copy of this email, absent voluminous exhibits, is attached hereto as **Exhibit B** and incorporated herein by reference.

10. As such, Ercanbrack was obligated to deposit the Earnest Money on or before January 30, 2025; and the Inspection Period concluded, thereby rendering the Earnest Money nonrefundable, on February 4, 2025.

11. From January 28, 2025, through the conclusion of the Inspection Period on February 4, 2025, Plaintiff and the Escrow Agent repeatedly requested that

3

Ercanbrack deposit the Earnest Money as required by the Agreement; however, Ercanbrack failed and refused comply with this clear contractual obligation.

12. Instead, Ercanbrack belatedly attempted to terminate the Agreement via an email sent to Plaintiff's broker on February 5, 2025—that is, *after* the Inspection Period had concluded and Ercanbrack had conclusively forfeited any right or interest in the Earnest Money under the plain terms of the Agreement.

13. On February 6, 2025, in response to an email from Ercanbrack's counsel suggesting that the "transaction is on hold," counsel for Plaintiff reiterated that Ercanbrack was in default under the Agreement due to his failure to deposit the Earnest Money, and that Ercanbrack's failure to proceed with closing would entitle Plaintiff to obtain the full amount of Earnest Money as liquidated damages:

> From: Summer Cotten
> To: jens@jensplaw.com
> Cc: mike.bersie@kgladvisors.com; catherine@daviscompanies.biz; carrie@daviscompanies.biz; ercanbrackfruit@gmail.com; matt.davis@daviscompanies.biz; "David Kern"
> Bcc: DAVIS COMPANIES_LLC_Snellville_Stone Mountain Road_008192_220126_Email
> Subject: RE: OSH1457.001 | 7 Brew at 3253 Stone Mountain Hwy, Gwinnett County
> Date: Thursday, February 6, 2025 7:09:53 PM
> Attachments: image001.jpg
> image002.png
> Fully Executed Snellville(3159784.1).pdf
>
> Jens,
> I appreciate your email and the update. However, the inspection period ended on Tuesday, February 4, per Section 1 of the PSA, which kicked off the timeline for closing, which must occur on or before five days following the completion of the Inspection Period (lands on Sunday, February 9 and thus rolls to Monday, February 10) per Section 7.1 of the PSA. Upon conclusion of the Inspection Period, the Earnest Money in the amount of $75,000.00 became non-refundable (see Section 6.1 of the PSA), and per the terms of the PSA the parties are obligated to close on or before the closing date (February 10). ==A failure on the purchaser's part to close will result in a default under the PSA which provides for the seller to obtain the $75,000.00 earnest money as liquidated damages. Additionally, the Purchaser is already in default under the PSA for failing to pay the earnest money within the specified time frame, and we request that this default be cured by Purchaser and that the earnest money be deposited in escrow as required in the PSA.== The seller side will continue to proceed to closing as set forth and required under the PSA and will deliver all items required of the Seller under the PSA in order to close.
> We welcome a discussion with all parties.
> Thanks,
> Summer

A true and correct copy the email from Plaintiff's counsel, dated February 6, 2025, is attached hereto as **Exhibit C** and incorporated herein by reference.

14. Indeed, under Section 10.2 of the Agreement, Ercanbrack expressly acknowledged and agreed that its failure to comply with or perform any of the obligations set forth in the Agreement would result in Plaintiff being paid the Earnest Money as liquidated damages:

> *In the event Purchaser fails to comply with or perform any of the covenants, agreements or other obligations to be performed by Purchaser under the terms and provisions of this Agreement, Seller shall be entitled to be paid the Earnest Money held by Escrow Agent as full liquidated damages*. The parties expressly acknowledge that it is

5

> difficult, if not impossible, to more precisely measure the actual damages which would be suffered by Seller in the event of a default by Purchaser and that the amount of the Earnest Money represents a reasonable pre-estimate of the probable loss which would be suffered by Seller upon a breach by Purchaser. *The parties hereto further expressly acknowledge and intend that this provision shall be a provision for the retention of the Earnest Money as liquidated damages and not as a penalty, whereupon all rights, liabilities and obligations created under the terms and provisions of this Agreement shall be deemed null and void and of no further force or effect (except those which expressly survive the termination of this Agreement).*

(*See* Ex. A § 10.2 [emphasis added].)

15. Further, pursuant to the Section 11.12 of the Agreement, Ercanbrack expressly agreed that, should either party be forced to retain an attorney to enforce the terms of the Agreement via litigation, "***the prevailing party shall be entitled to recover all costs incurred by such party, including, but not limited to, reasonable attorneys' fees and court costs***. This provision shall survive the early termination or Closing of this transaction." (*See id.* § 11.12 [emphasis added].)

16. On or about September 2, 2025, counsel for Plaintiff provided Ercanbrack with written notice via email and certified mail that: (i) Ercanbrack had defaulted and materially breached the Agreement by failing to deposit the Earnest Money with the Escrow Agent; (ii) demanding that Ercanbrack remit payment of the $75,000.00 in Earnest Money due and owing under the Agreement; and (iii) explaining that Plaintiff would seek damages for both breach of contract as well as all interest, costs, and attorneys' fees if required to file suit to enforce the terms of

the Agreement (the "Notice of Default and Arrearage"). A true and correct copy of the Notice of Default and Arrearage, which omits duplicative and voluminous enclosures, is attached hereto as **Exhibit D** and incorporated herein by reference.

17. To date, Ercanbrack has failed to respond to the Notice of Default, and has likewise failed and refused to provide the Earnest Money as required under the plain terms of the Agreement.

18. Plaintiff has fully performed its obligations under the Agreement and has satisfied all conditions precedent to recovery, or such conditions have otherwise been excused or waived.

## COUNT I
**(Breach of Contract)**

19. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

20. On January 28, 2025, Plaintiff and Ercanbrack entered into a valid and enforceable contract, the Agreement, for the sale real property.

21. Pursuant to Section 4 of the Agreement, Ercanbrack agreed to deposit $75,000.00 in Earnest Money within two (2) business days after full execution of the Agreement, or by January 30, 2025.

22. Ercanbrack is in default and has materially breached the Agreement by failing to deposit the sum of $75,000.00 in Earnest Money with the Escrow Agent

by January 30, 2025 (or at any time thereafter), as required under the terms of the Agreement.

23. As a direct and proximate result of Ercanbrack's default and breach of the Agreement, Plaintiff has suffered damages, including, but not limited to: (i) liquidated damages of at least $75,000.00; (ii) reasonable attorneys' fees in an amount to be proven at trial; and (iii) all interest, costs, and fees due and owing under applicable law.

## COUNT II
### (Attorneys' Fees under O.C.G.A. § 13-1-11)

24. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

25. Pursuant to the Section 11.12 of the Agreement, Ercanbrack expressly agreed that, " [i]n connection with any litigation…arising out of this Agreement, the prevailing party shall be entitled to recover all costs incurred by such party, including, but not limited to, reasonable attorneys' fees and court costs."

26. On September 2, 2025, Plaintiff sent the aforementioned Notice of Default and Arrearage via certified mail in compliance with O.C.G.A. § 13-1-11, which stated that, unless Ercanbrack remitted payment of the $75,000.00 in Earnest Money due and owing under the Agreement within ten (10) days of Ercanbrack's receipt of the correspondence, Plaintiff intended to seek the recovery of all interest, costs, and attorneys' fees pursuant to the terms of the Agreement and applicable law.

27. Ercanbrack has failed and refused to pay the outstanding amounts set forth in the Notice of Default and Arrearage.

28. Accordingly, Plaintiff is entitled to attorneys' fees in accordance with O.C.G.A. § 13-1-11.

## COUNT III
### (Attorneys' Fees under O.C.G.A. § 13-6-11)

29. Plaintiff incorporates by reference the allegations set forth in each of the preceding paragraphs as though fully set forth herein.

30. Plaintiff has been forced to file this action due to Ercanbrack's repeated and willful breaches of the Agreement.

31. Ercanbrack has acted in bad faith, has been stubbornly litigious, and has caused Plaintiff unnecessary trouble and expense such that Plaintiff is entitled to recover attorney's fees and expenses of litigation pursuant to the provisions of O.C.G.A. § 13-6-11.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff 7B Snellville LLC prays that the Court grant the following relief:

(a)   that judgment be entered in Plaintiff's favor and against Defendant Ercanbrack Fruit Ranch, LLC in accordance with the evidence and applicable law;

(b) that Plaintiff be awarded judgment for damages for the liquidated amount due and owing under the Agreement of no less than $75,000.00, with pre-judgment and post-judgment interest accruing at the statutory rate in an amount to be proven at trial;

(c) that Plaintiff be awarded its reasonable attorneys' fees, costs, and expenses of litigation incurred in connection with the collection of all amounts owed under the Agreement and the prosecution of this action; and

(d) for all such other and further relief as the Court may deem just and proper.

Respectfully submitted, this 10th day of October 2025.

**HUDSON LAMBERT PARROTT, LLC**

*/s/ Cory L. Takeuchi*
Kevin H. Hudson
Georgia Bar No.: 424678
Cory L. Takeuchi
Georgia Bar No.: 424678
Erick N. Mitchell
Georgia Bar No.: 063013

3575 Piedmont Road, NE
Building 15, Suite 200
Atlanta, Georgia 30305
(404) 554-8176 | Telephone
(404) 554-8171 | Facsimile
KHudson@hlpwlaw.com
CTakeuchi@hlpwlaw.com
EMitchell@hlpwlaw.com

*Counsel for Plaintiff 7B Snellville LLC*

## **CERTIFICATE OF FONT SIZE**

I certify that this document has been prepared in Times New Roman font, 14-point, a font that complies with Local Rule 5.1.

>/s/ *Kevin H. Hudson*
>Kevin H. Hudson
>Georgia Bar No.: 374630

IN THE UNTED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| 7B SNELLVILLE LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action ) File No. |
| ERCANBRACK FRUIT RANCH, LLC, | ) ) ) |
| Defendant. | ) ) |

**<u>VERIFICATION</u>**

IN THE STATE OF GEORGIA

COUNTY OF  Dougherty

Under penalty of perjury, I declare that I have read the foregoing Verified Complaint for Damages and Breach of Contract, that the facts stated in it are true to the best of my knowledge and belief.

This _10_ day of _October_, 2025.

_____
Matthew Davis
7B Snellville, LLC

Sworn to and subscribed before me
this _10_ day of ~~July~~ 2025.
        October  KHG

_Kate H. Grubb_____
Notary Public
My Commission Expires: 7/19/27

Kate Holloway Grubb
NOTARY PUBLIC
Dougherty County, GEORGIA
My Commission Expires 07/19/2027

1